Asa Razey, Respondent, v. Christian Whittick, Appellant.

*Action of conversion — finding of the jury not disturbed.*

When, in an action of conversion, it was shown that the defendant purchased the
property in suit at an auction sale, under an execution, and paid the sheriff for
the same, and the plaintiff failed to establish a satisfactory title to such prop-
erty, the most that can be claimed in his behalf is that the case presented ques-
tions of fact which were proper for the determination of a jury, and its finding
against him will not be disturbed upon appeal.

Appeal by the defendant, Christian Whittick, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Steuben on the 2d day of August,
1893, reversing the judgment of a justice of the peace of the town
of Hornellsville, Steuben county, in favor of the defendant.

*George D. Reed*, for the appellant.

*Murray E. Page*, for the respondent.

Lewis, J.:

This action was originally tried in a Justice's Court in Steuben
county before a jury. The defendant was successful in that court,
and an appeal was taken from the justice's judgment to the County
Court of Steuben county.

The judge of that court being disqualified to hear the appeal, so
certified, and it was transferred into the Supreme Court and was
heard at a Special Term thereof and the justice's judgment was
reversed, and from that judgment an appeal was taken to this court.

The action was brought against the defendant for wrongfully con-
verting a rowboat of the value of ten dollars. The plaintiff claimed
title to it as a purchaser at a sale upon the foreclosure of a chattel
mortgage given by one Mr. Lovell; the defendant claimed title to
the boat as a purchaser at a sheriff's sale upon an execution issued
upon a judgment in favor of the Rochester Distilling Company
against Lovell.

The case was tried in the Justice's Court in a careless and unsatis-
factory manner. It was not made to appear upon the trial when
the mortgage under which plaintiff claimed was given, or what

property it covered, except as it may be claimed to have inferentially appeared from the testimony of the plaintiff that he bought the boat at a chattel mortgage sale. It was not shown that the mortgage had ever been filed.

Lovell, the mortgagor, testified that he took the mortgage to get it filed, but when and where it was filed was not made to appear, or that he in fact ever filed it. Lovell was a son-in-law of the plaintiff.

The record shows that the mortgage was received in evidence, but it is not printed in the case.

The plaintiff testified: "I bought the boat at mortgage sale at Loon Lake, Page's mortgage sale; chattel mortgage sale; Mr. Page, I suppose, made the sale; he sold the property; don't know as the boat was included in the mortgage; can't tell the day the mortgage sale took place; Mr. Green, the deputy sheriff, present at sale; * * * Mr. Green, I think, objected to the sale; * * * did not know that there was going to be a sale until day of sale."

It was not made to appear what plaintiff paid for the boat.

The evidence was conflicting as to whether the plaintiff ever had possession of the boat; he testified that he did at one time, but did not tell when. The boat was manufactured for Lovell in the spring of 1890. There was evidence tending to show that he had possession of it from the time it was built until its sale to the defendant under the execution aforesaid, which sale took place on the 16th day of August, 1890.

The defendant purchased the boat at an auction sale under an execution, and paid the sheriff for it. The plaintiff failed to establish a satisfactory title to the boat. The most that can be claimed is that questions of fact were presented which were proper for the determination of the jury. They found against plaintiff, and their verdict should not have been disturbed.

The judgment appealed from should be reversed and that of the justice affirmed, with costs of the appeal in this court and of the Special Term.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment appealed from reversed, and that of the Justice's Court affirmed, with costs in this court and that of the Special Term, the case having been certified to the Supreme Court by the county judge of Steuben county.